### WOLF v. DICKINSON.
### Civ. A. No. 14135.

United States District Court
E. D. Pennsylvania.

Dec. 10, 1952.

As Amended March 20, 1953.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Robert F. Maxwell, Philadelphia, Pa., for defendant.

WELSH, District Judge.

Defendant's objections to interrogatories 3, 5, 7, 10, 11, 14, 16(e) and 17(e) which call for the production of copies of documents and photographs or summaries of oral statements are so well taken that said interrogatories have been withdrawn by the plaintiff.

Defendant's objection to interrogatory 6 is sustained because it in effect asks for the production of copies of documents or for a summary of oral statements. Plaintiff is entitled to know the names of persons giving statements, oral or written or he is entitled to know the facts sought by the interrogatory, but he is not entitled to know both.

■ Defendant's objections to interrogatories 16(a), (b), (c) and (d) and 17(a), (b), (c) and (d) are sustained on the ground, insofar as they relate to reports and investigations conducted by persons other than the plaintiff, that the information sought is equally available to the plaintiff and defendant. We add, however, that in the ordinary situation an objection on this ground is not sustainable.

■ Defendant's objections to interrogatories 21(c) and 21 are sustained, the former on the ground that information concerning the registered ownership of the crane since the time of the accident is irrelevant and the latter on the ground that it requires the defendant to make an extensive amount of measurements and investigation and is therefore too broad in its scope. Plaintiff is hereby granted leave to rephrase interrogatory 21 so as to elicit from the defendant the general measurements of the crane and its general type.

■ Defendant's objections to interrogatories 33, 34, 35 and 39 are sustained on the ground that repairs made after the accident and costs therefor are irrelevant to the subject matter of negligence prior to or at the time of the accident.

■ Defendant's objection to interrogatory 40 is sustained on the ground that repairs made to the crane involved in the accident within the period beginning six months prior to the accident and ending at the time of the accident are irrelevant.

Defendant's objection to interrogatory 15 is overruled. However, defendant's answer will be limited to what he knows and not what he has reason to believe.

■■ The defendant does not press his specific objections to interrogatories 18, 19, 20, 24, 27, 28, 29, 30, 31 and 32 and accordingly these specific objections are overruled without comment, as are all other specific objections of the defendant not heretofore mentioned.

The defendant interposes an objection to all of the interrogatories on the ground that the requirement attached to each of them that they shall be continuing makes them intolerably burdensome. The statement which prompted the objection precedes the interrogatories filed by the plaintiff and provides; "These interrogatories shall be deemed continuing, so as to require supplemental answers if defendant obtains further information between the time answers are served and the time of trial." The objection is overruled. Thus, we hold that the interrogatories continue to speak and the defendant is obliged to furnish supplemental answers if he obtains additional information between the time answers are filed and the time of trial. (At this point it should be noted that a like obligation would devolve upon a plaintiff if a defendant propounds interrogatories and characterizes them as continuing.) The holding, we feel, gives effect to one of the primary purposes of the rules, that of full disclosure before trial of all facts which are relevant to the subject matter or issues of the case and which are not privileged.