SMITH

v.

ACADIA OVERSEAS FREIGHTERS, Limited.

THE VICTORIA COUNTY.

No. 103 of 1950.

United States District Court
E. D. Pennsylvania.

April 15, 1953.

See, also, D.C., 104 F.Supp. 793.

Stark & Goldstein, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for defendant.

WELSH, District Judge.

This is a motion of libellant to set aside respondent's notice of the taking of depositions of Thomas Winters, Anthony Sharkey and Joseph Danby.

Libellant's contention is that respondents are barred from taking the depositions of said persons because respondents in their answers to interrogatories propounded by libellant failed to disclose the identity of said persons. Respondents' answer to the contention is that at the time they filed answers to interrogatories they had no information concerning said persons.

It would appear that respondents' answer to libellant's contention disposes of the matter. We feel however that the matter is governed by an order of this Court entered on April 20, 1953 in Wolf v. Dickinson, 15 F.R.D. 407, amending an opinion and order previously entered in said case. That order provides that where an interrogating party specifies the interrogatories shall be deemed continuing so as to require answers thereto up to the time of trial there is a

duty on the answering party, after it files its original answers to interrogatories, to furnish up to the date of trial any information it obtains with regard to the subject matter of the interrogatories.

True in the present case it was not specified that the interrogatories propounded to the respondents were to be deemed continuing. Nevertheless, we hold that they are, on the strength of the views expressed by us in Wolf v. Dickinson, supra. Those views expressed again are that the requirement of a party to furnish answers to interrogatories up to the date of trial is a means of accomplishing one of the primary objects of the Rules, that of full disclosure of facts relevant to the issues or subject matter and not privileged.

Accordingly, libellant's motion is granted.