**FURMANEK**

v.

**SOUTHERN TRADING CO.**
**THE SOUTHERN STATES.**

**No. 399.**

United States District Court
E. D. Pennsylvania.

Dec. 3, 1953.

Stark & Goldstein, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for defendants.

WELSH, District Judge.

■ Respondents except to all of the interrogatories propounded by libellant on the ground that in a preamble or introductory statement respondents are advised the interrogatories are to be deemed continuing so as to require supplemental answers if respondents obtain further information between the time answers are served and the time of trial. In other words, respondents contend that under Admiralty Rule 31, 28 U.S.C.A., a party is obliged to file and serve only one set of answers to interrogatories even though he subsequently acquires additional information with regard to the subject matter of the interrogatories.

In Wolf v. Dickinson, D.C., 16 F. R.D. ——, the identical contention was raised and resolved against the objecting party. See also Smith v. Acadia Overseas Freighters, Limited, D.C., 120 F.Supp. 192, where it was held the interrogatories are to be deemed continuing even though there is no preamble to the interrogatories specifying that the interrogatories are to be deemed continuing.

The exception is accordingly dismissed.

Respondents take specific exception to libellant's interrogatory No. 25 on the ground that it does not seek factual information regarding the accident alleged in the libel but instead seeks to develop the theory of respondents' defenses to the libel. Said interrogatory provides: "Did claimant's assumption of risk, or his carelessness, fault or neglect, or his vice or misconduct, aggravate, cause or contribute to, his illness, injury or condition? If you answer 'yes', state all facts in connection therewith."

■ Respondents' answer to the libel alleges the accident was caused by the negligence and carelessness of the libellant and alleges the affirmative defenses of contributory negligence and assumption of risk. We believe that the libellant is entitled to know upon what facts those allegations and defenses are based, and it is our thought that the interrogatory in question was propounded for the purpose of discovering those facts. However, since the interrogatory in question as drawn is perhaps technically objectionable leave will be granted the libellant to re-draft the interrogatory so as to conform with the views heretofore expressed.

Accordingly, respondents' exception to interrogatory No. 25 is sustained.