John P. NOVICK

v.

The PENNSYLVANIA RAILROAD
COMPANY.

Patsy J. VERRICO

v.

The PENNSYLVANIA RAILROAD
COMPANY.

John W. REITER

v.

The PENNSYLVANIA RAILROAD
COMPANY.

Armando M. BOZZA

v.

The PENNSYLVANIA RAILROAD
COMPANY.

Civ. A. Nos. 13735, 13697, 13734, 13707.

United States District Court
W. D. Pennsylvania.

Nov. 17, 1955.

Livengood & Braucher, Somerset, Pa., for plaintiffs.

Bruce R. Martin (of Dalzell, Pringle, Bredin & Martin), Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

These are actions under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The questions for determination relate to the proper application of the discovery process. Rule 33 of Federal Rules of Civil Procedure, 28 U.S. C.A.

In posing their interrogatories, plaintiffs in each instance preface their requests with the following introduction:

"These interrogatories shall be deemed continuing, so as to require supplemental answers if defendant obtains further information between the time answers are served and the time of trial."

Defendant advances the contention that the Federal Rules of Civil Procedure do not permit making interrogatories "continuing".

Under the language of Rule 33, it is provided, inter alia:

"The number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression."

That is to say, so long as the interrogatories are otherwise unobjectionable, plaintiffs could send the same sets of those interrogatories to the defendant on frequent occasion to determine whether or not the defendant has obtained any supplemental information. Such a procedure would require an inordinate amount of paper work for all parties.

When a party is supplied by its investigators, claim agents, physicians, etc., with any new information, before filing it away with other papers pertinent to this case, it is a very simple matter to check the newly received information against these interrogatories to determine whether any supplemental answers are required. The alternative of periodically sending sets of interrogatories and filing formal answers with affidavits for each such set would certainly be an unjustifiable and unreasonable burden upon all parties.

Where justification exists, a request for continuing information is the least onerous procedure that could be devised for obtaining supplemental information.

Once it is conceded that a party is entitled to supplemental information, the issue is raised as to whether or not a single "continuing" request for information should be given effect in lieu of the requirement that such request relate to specific interrogatories.

298

A number of jurisdictions have recognized that even in the absence of request for continuing answers, that in order that the interests of justice best be subserved, a duty exists on the part of the interrogated party to supply additional information received after the initial answers were supplied. RCA Mfg. Co. v. Decca Records, D.C.S.D. of N.Y., 1 F.R.D. 433; Chenault v. Nebraska Farm Products, Inc., D.C.Neb., 9 F.R.D. 529; Smith v. Acadia Overseas Freighters, Ltd., D.C.E.D.Pa., 120 F.Supp. 192.

The court has conducted an exhaustive research to determine whether courts in other districts have prepared opinions holding to the contrary, but none have been found, though I am aware that summary orders have been entered denying one party or the other the right to a continuing interrogatory.

In the interest of expediting the interchange of information essential to a proper evaluation of the claims of litigants, the Eastern District of Pennsylvania has held that the "continuing" interrogatory should continue to speak and the litigant is obliged to furnish supplemental answers if he obtains additional information between the time answers are filed and the time of trial. Furmanek v. Southern Trading Co., D.C.E.D. Pa., 15 F.R.D. 405; Wolf v. Dickinson, D.C.Pa., 16 F.R.D. 250.

■ I am in accord with the views of Chief Judge Kirkpatrick of the Eastern District who states that a party is bound to give truthful answers to interrogatories and that both good faith and the spirit of the Rules of Federal Civil Procedure requires the parties to see to it that its answers are truthful as of the time of trial as well as of the time when the interrogatories are answered. McNally v. Yellow Cab Company, D.C., 16 F.R.D. 460.

■ However, I do not believe that the "continuing" interrogatory can be made a matter of general and universal application. In view of the most exten-

sive pre-trial procedure adopted by this court, little purpose, if any, would be served by requiring continuing answers to all interrogatories when information of any material nature must be made accessible to one or the other parties prior to trial.

It is only in those circumstances where the very nature of the interrogatory should require continuing answers, or where the information obtainable at pre-trial would not afford the party sufficient time and opportunity to prepare his case, that the court should treat an interrogatory as "continuing". Otherwise, parties may be burdened with the requirement of providing a myriad of scraps of information which could prove of little aid to either party.

■ Concerned as we are, with a proper and equitable balance between the duty of making material information available and the constant burden of producing such information, it is my judgment that each interrogatory must be treated as a separate entity upon its own merits. It would further appear, that a party posing an interrogatory would best be in a position to know the need for supplemental answers, and that such party should specify to the interrogatory the request that answer thereto be deemed continuing. When an interrogatory is thus presented, and objection made, the court is squarely confronted with the issue of resolving its merits.

But to superimpose the generalization that all answers to a set of interrogatories be deemed continuing, does not raise any issue before this court upon which ruling might be premised as to the justification of such request on specific interrogatories.

■ Defendant's objection to the continuing nature of plaintiff's interrogatories will be sustained without prejudice to plaintiff to present interrogatories consistent with the tenor of this opinion.

Objection is made to the following interrogatory:

"Does the statement contain facts (referring to a request whether defendant obtained from plaintiff a statement of the accident) concerning the manner, place, time or cause of the happening of the accident or concerning the nature and extent of plaintiff's injuries therefrom? If so, state where, when and by whom such statement was obtained, giving the addresses of all parties named and indicate where and in whose possession such statement is now."

Defendant's objection is premised on the thesis that plaintiff has no right to secure his own statement, and therefore should be barred from accomplishing by indirection what he has no right to do directly.

This court has held that Rule 33 does not give an absolute right to obtain the text or résumé of the statements which the adverse party has obtained from the persons whom he or his agents have seen or interviewed. Knab v. Pennsylvania Railroad, D.C.W.D.Pa., 12 F.R.D. 106; Alltmont v. United States, 3 Cir., 177 F.2d 971.

Nevertheless, Chief Judge Kirkpatrick of the Eastern District of Pennsylvania found good cause to exist for a defendant to produce a copy of plaintiff's statement when such statement was taken prior to the time that plaintiff secured counsel and no copy had been given to the plaintiff at the time of the taking of the statement or thereafter. Bernat v. Pennsylvania Railroad Company, D.C. E.D.Pa., 14 F.R.D. 465.

These precise circumstances exist in the instant proceedings, and in voking the rule pronounced by Chief Judge Kirkpatrick, plaintiffs should be entitled to demand production of a copy of the statement rendered to defendant pursuant to Rule 34 of the Federal Rules of Civil Procedure. It would, therefore, follow that plaintiffs are not attempting to secure information indirectly to which they are not entitled by direct recourse under the law.

I must, therefore, conclude that defendant's objection must be overruled.

Defendant's final objection relates to a request to attach certain photographs to the answers made in connection with certain of the interrogatories. This objection is urged upon the court by reason of the failure of plaintiff to invoke Rule 34 of the Federal Rules of Civil Procedure in lieu of Rule 33. No doubt exists that all photographs relating to the accident or accidents, and which would bear on the issue of negligence, may be requested by plaintiffs for inspection. In the interest therefore of preventing duplicity of action and repetition, and in causing undue delay, it is my belief that what is essentially a technical objection of this kind should be overruled. I shall treat the request as a motion to produce certain photographs. pursuant to Rule 34.

Defendant's objections thereto will be overruled.

An appropriate order is entered.