## PARE *v.* RODRIQUE

[No. 194, September Term, 1969.]

*Decided December 22, 1969.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*Henry J. Noyes,* with whom was *William R. Leckemby* on the brief, for appellant.

*Joseph J. D'Erasmo,* with whom were *Vivian V. Simpson, Joseph B. Simpson, Jr., H. Algire McFaul, William T. Wood* and *Simpson & Simpson* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

Appellant raises the single issue of whether "interrogatories become continuing in nature, so as to require supplementary answers at a later date, by the simple statement of the proponent that they are in fact continuing?"

The environment in which the question arose was this. Appellant, Pare, sued appellee, Rodrique, for damages resulting from an automobile accident that occurred in August 1966. Rodrique filed the general issue plea on January 17, 1967, and the next day he propounded interrogatories to Pare pursuant to Maryland Rule 417. Question number eight was "attach hereto a copy of any signed statement made by the defendant, Ghislain Rodrique, in your control." The answer was "none." On April 18, 1969, there came by chance into the hands of Pare's lawyer a statement dated August 30, 1966, purportedly signed by Rodrique, detailing the facts and circumstances of the accident. The fact that Pare had the statement was not made known to Rodrique's lawyer. At the trial on April 29, 1969, Pare called Rodrique and attempted to get his statement into evidence. Objection was made by Rodrique's lawyer on the ground that the interrogatories had specifically been made continuing and no supplemental answer revealing the statement had been

made to question number eight. There was a further objection on the ground that Rodrique, a French Canadian, had a limited ability to either speak or understand English and could neither read nor write.

Judge Clapp said:

> "I will sustain the objection on two grounds. First, the failure to advise counsel of the receipt of further information under the continuing interrogatories rule and the other * * * [is that there] is no indication that the defendant had any comprehension of what was in this exhibit."

Appellant concedes that Federal Rule 33 providing for unlimited interrogatories has been construed to require continuing answers, but argues that under State statutes and rules that are not identical with or substantially the same as Federal Rule 33 the courts have rejected the continuing interrogatory theory. Maryland Rule 417 a 3, says the appellant, negates the continuing answer theory because it requires the questioner, if he is to obtain information that has become available to the other party after interrogatories have once been answered, to ask for it by supplemental interrogatories.

Appellant's theories and analysis will not stand up. The federal decisions recognize that a questioner may file questions at any time but reject the notion that because he may the party questioned must not make full and fair answer to every appropriate question up to the time of trial. 2A Barron and Holtzoff, *Federal Practice and Procedure*, § 777.1, pp. 388-389, notes that the earliest cases recognized a moral duty to reveal after acquired knowledge and that subsequently judges directed continuing performance or permitted the questioner to direct it, and says:

> "Finally some courts took the ultimate step and held that even where the interrogatories

are not expressly made continuing, either by a provision added to them by the proponent or by court order, there is nevertheless a continuing obligation to communicate any new information obtained by the party examined. This result appears desirable. For a party to sit idly by, knowing that a previous answer he has given to an interrogatory is not truthful in the light of his present information, is intolerable. It is inconsistent with the purpose of the rules to avoid surprise, and it is inconsistent with the standards expected in a learned and honorable profession. Failure of a party to give his opponent the added information should be ground for refusing to allow an unnamed witness to testify, or for granting a continuance, or for a new trial, as may seem just."

*See also* 4 Moore, *Federal Practice,* § 33.25 [4], 2400-2403; *Wolf v. Dickinson* (U.S.D. Ct. E.D. Pa.), 16 F.R.D. 250, 252 ("Thus, we hold that the interrogatories continue to speak and the defendant is obliged to furnish supplemental answers if he obtains additional information between the time answers are filed and the time of trial"); *McNally v. Yellow Cab Co.* (U.S.D. Ct. E.D. Pa.), 16 F.R.D. 460 ("* * * the defendant is bound to give truthful answers to the interrogatories and * * * both good faith and the spirit of the Rule require it to see to it that its answers are truthful as of the time of the trial as well as of the time the interrogatories are answered"); *Smith v. Acadia Overseas Freighters, Ltd.* (U.S.D. Ct. E.D. Pa.), 120 F. Supp. 192, 193 ("True in the present case it was not specified that the interrogatories propounded to the respondents were to be deemed continuing. Nevertheless, we hold that they are, on the strength of the view expressed by us in *Wolf v. Dickinson, supra"*); *Novick v. Pennsylvania Railroad Co.* (U.S.D. Ct. W.D. Pa.), 18 F.R.D. 296.

State courts generally have reached the same conclu-

sions. *See Gebhard v. Niedzwiecki* (Minn.), 122 N.W.2d 110; *Laws v. City of Wellston* (Mo.), 435 S.W.2d 370; *Armstrong v. Diamond State Bus Lines, Inc.* (Super. Ct. Del.), 125 A. 2d 856; Note, *The "Continuing" Nature of Discovery Techniques*, 42 Iowa L. Rev. 579; *Developments in the Law—Discovery*, 75 Harv. L. Rev. 940, 961-63; Annot., *Propriety of Discovery Interrogatories Calling for Continuing Answers*, 88 A.L.R.2d 657.

The background of Maryland Rule 417 confirms the view that it is to be read as requiring continuing answers. On June 1, 1956, Chief Judge Emory Niles, who has served on the Rules Committee over a long period of years both before and after the adoption of Rule 417, decided in the Baltimore City Court the case of *Gordon v. Horn and Horn Restaurant, Daily Record*, June 13, 1956, in which he held that a series of interrogatories can be made continuing in character by the inclusion therein of a note to the effect that:

> "These interrogatories shall be deemed continuing so as to require supplemental answers if defendant obtains further information between the time answers are served and the time of trial."

Judge Niles cited and relied on several of the federal decisions in Pennsylvania that we referred to earlier but at the time of his decision Rule 417 a 3 was not in effect. About a month after the *Gordon* decision was published, this Court adopted Rule 417 a 3, making it effective January 1, 1957. In 1959 Judge Manley sitting in the Baltimore City Court decided the case of *Holley v. Baltimore Transit Co.* published in the *Daily Record* of August 17, 1959, in which he referred to Judge Niles's ruling in the *Gordon* case, and said:

> "The present Rule 417 a 3 was not in effect at [the time of that decision]. It was adopted by order of the Court of Appeals on July 18, 1956, to take effect January 1, 1957. I have been in-

formed by the Rules Committee Reporter that this particular rule was proposed in 1952 and was first submitted to the Rules Committee in March of that year, so that at the time Chief

\* \* \*

Judge Niles decided the *Gordon* case the substance of the rule must have been discussed by the members of the Rules Committee, and Chief Judge Niles at that time must have had knowledge of the proposed Rule.

"The practice under the procedure approved by Chief Judge Niles has worked out very satisfactorily in Baltimore City. There are many reasons why that procedure is desirable, as pointed out by Chief Judge Niles in his opinion in the *Gordon* case, rather than to throw the burden upon the interrogating party to follow up his first set of interrogatories with supplementary interrogatories inquiring whether there has been any change since the original answers were filed. The party who answered the interrogatories is in a much better position to know whether additional information has been obtained by him. To put the burden on the party who propounded the interrogatories would require him to file supplementary interrogatories in all cases, even though he had no knowledge of any additional information that could be furnished by the opposite party. In those cases in which there are prolonged postponements of the trial date, it may be necessary to file many sets of supplementary interrogatories.

"It could very well be argued that the Rules Committee and the Court of Appeals by adopting the Rule authorizing the filing of supplementary interrogatories has placed on the interrogating party the burden of calling for additions to the previously filed answers, but there

is nothing in the Rule itself to indicate that it was intended to be all inclusive, or to be the only way that such information can be obtained, or to be a substitute for all other methods. In his opinion in the *Gordon* case, Chief Judge Niles cited a number of cases which upheld a request for continuing information even without a specific rule to that effect. The mere fact that the Rule authorizes the filing of supplemental interrogatories is not inconsistent with the *Gordon* case, but in effect can be considered a supplement to it and not a nullification as contended by plaintiffs, to be availed of at least in those cases in which the interrogating party has failed to request that the interrogatories be considered as continuing. The Rule also serves a useful purpose in allowing requests for additional information *after answers have been filed.*"

Judge Manley's reading of Rule 417 has not been repudiated by the Rules Committee or this Court. Since 1961 at least there has been formal indication that it was correct. In the 1961 edition of the Maryland Rules of Procedure beginning at page 163, suggested forms of interrogatories drawn by Judge Niles and published in the *Daily Record* of April 18, 1960, were republished "in the belief that they will be of great value to the members of the Bar." The forms are now published following the annotation to Rule 417 in the 1963 Repl. Vol. 9B of the Code beginning at page 165. The basic suggested form contains the statement that "These interrogatories are continuing in character, so as to require you to file supplementary answers if you obtain further or different information before trial." [1]

We agree with both the reasoning and the conclusion

---

1. It is notable that the interrogatories of both the appellant and the appellee in the instant case are patterned on these suggested forms and that both sets contain this very statement.

of Judge Manley. Judge Clapp in the case before us neither erred nor abused his discretion in refusing to receive or permit the use of the statement which the plaintiff, although requested to do so, had not revealed until trial.

> *Judgment affirmed, appellant's costs to be borne by appellant, and appellee's costs to be borne by appellee.*