## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Reginald H. Gray

v.

John T. White et al.

March 12, 1970

Cases Nos. 2370, 2371, 2372

### By JUDGE A. CHRISTIAN COMPTON

These three damage suits arise out of a collision of motor vehicles occurring on November 21, 1969, wherein the three plaintiffs allege bodily injuries as the result of the alleged negligence of one defendant in the operation of a vehicle owned by the other defendant. The defendants in each case have denied all of the material allegations as to agency, negligence and damages.

In each case the plaintiff has propounded the same ten interrogatories under Rule 4:8 which deal with the following subjects: the employment of the defendant driver and the scope thereof at the time of the accident; any mechanical defect in the defendant's vehicle which existed at the time of the accident; any inspection of the defendant's vehicle within six months of the collision; the name and address of each person known to the defendants or their counsel having knowledge of the facts relating to the collision

(number 9); and, the name and address of each person who the defendants may call as a witness at the trial (number 10).

The plaintiff includes this statement in each set of interrogatories: "A continuing answer to each of the above interrogatories is demanded."

The defendants object to answering number 10. Furthermore, they object to being required to supplement the answers to interrogatories 1 through 9 urging that continuing answers are not required under the Virginia Rules. They argue that such a requirement to supply information to the opposite side continuously up to the time of trial places an undue burden upon the answering party and is oppressive.

The defendants' objection to interrogatory number 10 is sustained and the objection to the continuing nature of numbers 1 through 9 is overruled.

Virginia Rule 4:8 is identical to Rule 33 of the Federal Rules of Civil Procedure, with the exception of the time limits set forth in the second and fourth sentences thereof. 21B M.J., Rules, p. 262. Since our Court of Appeals has not passed upon either of the main points raised by the objection here, the court will look to the Federal decisions and those of other states having a similar rule of procedure.

Upon the question of whether a party may, by interrogatory, require another party to furnish the names and addresses of each person such party "may call as a witness at the trial," the court holds that such information is not available under Rule 4:8. Anno. 19 A.L.R.3d 1114. Most courts, state and federal, have refused to require the disclosure of such information during the discovery stages of the litigation upon the grounds that such information is a part of the lawyer's work product (involving his judgment, discretion and mental processes) and deals with the tactics and strategy to be used during the trial. This ruling expressly excludes consideration of the question of whether the names of expert witnesses to be called

can be discovered, because a different rule may be warranted in such case. 19 A.L.R.3d 1124. But compare Hornback v. Highway Commissioner, 205 Va. 50 (1964).

As to the propriety of interrogatories calling for continuing answers, the majority of states with rules similar to Rule 4:8 and the federal courts under Federal Rule 33 have taken the view that the answering party is under a duty to supplement his answers and to furnish additional information received after the initial answers were supplied. Anno. 88 A.L.R.2d 657, 665-666. See also 23 Am. Jur. 2d Depositions and Discovery, Section 290, p. 688; Bryson, Interrogatories and Depositions in Virginia (1969), p. 58, ftn. 199.

Most courts have reasoned that to require continuing answers to interrogatories would give effect to one of the primary purposes of discovery which is full disclosure before trial of all non-privileged facts relevant to the subject matter or issues in the case. Wolf v. Dickinson, 16 F.R.D. 250 (D.C. Pa. 1952). See 88 A.L.R.2d 667. It was pointed out in Novick v. Pennsylvania RR. Co., 18 F.R.D. 296 (D.C. Pa. 1955), that since, under the federal rule, successive sets of interrogatories may be propounded, then a party could send the same set to the other party periodically up to the time for trial, assuming they were otherwise free from objection. Such a procedure to obtain accurate up to date information would require an "inordinate" amount of paper work, the court said, and therefore held that sending such periodic interrogatories to be formally answered would be an unjustified and unreasonable burden upon all parties. In view of this the court concluded that where justification exists, "a request for continuing information is the least onerous procedure that could be devised for obtaining supplemental information." 88 A.L.R.2d 668.

Those states which have rules similar to Rule 4:8 and which have had occasion to pass upon the point have followed the federal decisions. In Armstrong v. Diamond State Bus Lines, Inc., 125 A.2d 857 (Del. Superior Court, 1956), the defendant objected to the continuing nature of the interrogatory which called

for the names and addresses of all the passengers on the defendant's bus at the time of the accident. In overruling the objection the court said, at page 857 of the Atlantic Reporter:

> The Federal Rule 33 is identical with that of this court. The Federal courts have found little difficulty in dealing with this exact situation. They have consistently held that counsel is not relieved of the obligation to supplement an answer to an interrogatory already made when additional information within its scope comes into his hands.

The court then quoted from the case of McNally v. Yellow Cab Co., 16 F.R.D. 460 (D.C.E.D. Pa. 1954) which said that:

> " . . . the defendant is bound to give truthful answers to the interrogatories and . . . both good faith and the spirit of the Rule require it to see to it that its answers are truthful as of the time of the trial as well as of the time when the interrogatories are answered."

Cf. Coca Cola Bottling Company v. Mitchell, 423 S.W.2d 413, 417 (Texas Civ. App. 1967), contra.

As stated, the defendants here argue that it would place an undue burden on them to continuously "feed" each piece of new information to the plaintiff after having answered interrogatories 1 through 9. The court agrees that each small bit of new information should not be furnished to supplement the answers already given. But here where specific request for continuing answers has been made in the interrogatories, the court holds that if the after acquired information is of a material nature or if it will render the answers originally given untruthful, unreliable, or inaccurate, the obligation to disclose such after acquired information continues. Gebhard v. Niedzwiecki, 122 N.W.2d 110 (Minn. 1963).

The fairness of such an interpretation is aptly stated in 2A Barron and Holtzoff, Federal Practice and Procedure, Section 777.1, p. 389:

> For a party to sit idly by, knowing that a previous answer he has given to an interrogatory is not truthful in the light of his present information, is intolerable. It is inconsistent with the purpose of the rules to avoid surprise, and it is inconsistent with the standards expected in a learned and honorable profession.