Benedicto R. FERNANDES

v.

UNITED FRUIT COMPANY,
a body corporate.

Civ. No. 20964.

United States District Court,
D. Maryland.

May 14, 1970.

See also D.C., 303 F.Supp. 681.

Stanley Silverman and Herbert H. Silverman, Baltimore, Md., for plaintiff.

John T. Ward and Ober, Grimes & Shriver, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

Defendant has excepted to many of the interrogatories submitted to it by plaintiff. A few of the exceptions merit discussion in the light of the Amendments to the Federal Rules of Civil Procedure which will become effective on July 1, 1970. Rulings on the others are contained in an order filed in the case.

### Supplementation of Responses

Plaintiff has prefaced his interrogatories with the following statement: "(a) These Interrogatories are continuing in character so as to require you to file Supplementary Answers, if you obtain further or different information before the trial."

The practice in the Maryland state courts on this point, approved in Pare v. Rodrique, 256 Md. 204, 260 A.2d 313 (1969), is not and has not been the rule in the District of Maryland, see Diversified Products Corp. v. Sports Center Co., 42 F.R.D. 3 (D.Md.1967), although it was the practice in some federal courts.[1] Rule 26(e), F.R.Civ.P., as amended effective July 1, 1970, provides:

"(e) *Supplementation of responses.* —A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

"(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters, and (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

"(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

"(3) A duty to supplement responses may be imposed by order of the court, agreement of the parties, or at any time prior to trial through new requests for supplementation of prior responses."

The practice heretofore followed by this Court, as set out in *Diversified Products*, supra, has been essentially the same as that prescribed by Rule 26(e), as amended, except for paragraph (2). This Court will hereafter follow the practice set out in the amended Rule.

### Statements

Plaintiff's Interrogatory No. 13 reads:

"State the names, addresses, home telephone numbers, places of employment, job titles or capacities and present whereabouts of each and every person including the Plaintiff who has given you a statement, declaration, affidavit or has otherwise been interviewed concerning the accident involved in this action. For each such statement, declaration, affidavit or interview, state: a. To whom each was made; b. Date or dates thereof; c. Whether oral, in writing or recorded on tape; d. At whose request each was made; e. If any statement is in writing, who wrote each and who

---

1. The arguments in support of the different positions are discussed in the Advisory Committee Note to Rule 26(e), F.R. Civ.P., as amended effective July 1, 1970, 48 F.R.D. 507, 508.

signed the same; f. The names and addresses of the person or persons who has present custody or possession of each statement. Attach a copy of each such statement in your control to your Answer to these Interrogatories, including any statement made by the Plaintiff."

█ Defendant's exception is sustained, except for plaintiff's own statement, because plaintiff has not shown that he has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.[2] See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Guilford National Bank of Greensboro v. Southern Ry., 297 F.2d 921 (4 Cir. 1962); New York Central R. R. Co. v. Carr, 251 F.2d 433 (4 Cir. 1957). Rule 26(b) (3), as amended effective July 1, 1970, embodies the teaching of those cases. See discussion of the Rule as amended and the previous cases in the Advisory Committee Note to Rule 26(b) (3), 48 F.R.D. 499–503.

█ The practice in this district that in appropriate cases the court may order a party to be deposed before his statement is produced will still be followed. Smith v. Central Linen Service Co., 39 F.R.D. 15 (D.Md.1966), and Advisory Committee Note to Rule 26(b) (3) and Rule 26(c), 48 F.R.D. at 502, 503, 506.

### Prior or Subsequent Injuries or Disability

Plaintiff's Interrogatory No. 14 reads:

"If you contend that the injuries and disability now complained of by the Plaintiff were the result of prior or subsequent accidents, injuries or

illnesses, give a concise statement of the facts upon which you rely."

█ Defendant's exception is sustained to the interrogatory as drawn, but defendant will be required to state whether it contends that any of plaintiff's alleged disability is due to any prior or subsequent injury or disease about which information has been given to defendant, its attorneys or its examining physicians by plaintiff or by plaintiff's attorney. Knighton v. Villian & Fassio etc., 39 F.R.D. 11, at 14 (D. Md.1965), and Buining v. The Transporter, 171 F.Supp. 127, at 135, 136 (D.Md.1959), are still the law of this district on this point.

### Experts

Plaintiff's Interrogatory No. 16 reads:

"Name all experts whom you propose to call as witnesses. Attach to your Answer copies of all written reports made to you by any experts whom you propose to call as witnesses."

Rule 26(b) (4), as amended effective July 1, 1970, embodies the ruling of this court in Knighton v. Villian & Fassio, supra, 39 F.R.D. at 13–14, on this point, with certain additions. The parties hereto will be required to comply with Rule 26(b) (4), as amended, which reads:

*"Trial preparation: Experts.*—Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b) (1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

"(A) (i) A party may through interrogatories require any other party to identify each person whom the

2. Defendant has already supplied to plaintiff the names and addresses of all eyewitnesses, persons who were at or near the scene, persons who rendered assistance to plaintiff, persons who arrived at the

scene within one hour after the occurrence, and persons who investigated the case. Defendant will supply a complete crew list.

other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b) (4) (C) of this rule, concerning fees and expenses as the court may deem appropriate.

"(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

"(C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b) (4) (A) (ii) and (b) (4) (B) of this rule; and (ii) with respect to discovery obtained under subdivision (b) (4) (A) (ii) of this rule the court may require, and with respect to discovery obtained under subdivision (b) (4) (B) of this rule the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert."

*Reports*

Plaintiff's Interrogatory No. 21 reads:

"State the names, addresses, home telephone numbers, places of employment, job titles or capacities and present whereabouts of the persons who prepared a report of the Plaintiff's accident and injuries; and state: a. From whom the information of the injury was received; b. The date the report was prepared; c. The names and addresses of each person, office or business entity to whom such report or copy thereof was forwarded; d. The names, addresses and employment titles of the custodian of each copy of such report. Attach a copy of any report to your Answers to these Interrogatories."

■ Defendant's exception is overruled with respect to any report made in the ordinary course of business. With respect to any report made in preparation for litigation, defendant's exception is sustained, because plaintiff has not shown that he has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Hickman v. Taylor, supra; Schlagenhauf v. Holder, supra; Guilford National Bank of Greensboro v. Southern Ry., supra; Knighton v. Villian & Fassio etc., supra; Buining v. The Transporter, supra; Rule 26(b) (3), as amended effective July 1, 1970, and the Advisory Committee Note thereto,[3] 48 F.R.D. 499–503.

*Affidavit to Answers*

■ Plaintiff has excepted to defendant's answers to interrogatories because they are signed and sworn to by an attorney for defendant. An attorney for

---

3. The Rule provides, inter alia: "In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

a corporation may sign and swear to answers to interrogatories addressed to it if he makes oath that to the best of his knowledge, information and belief the answers are true and contain all information which is available to the corporation on the interrogatories which are being answered. Rule 33(a), F.R. Civ.P.; see Jones v. Goldstein, 41 F.R. D. 271, 274 (D.Md.1966); Segarra v. Waterman Steamship Corp., 41 F.R.D. 245, 248 (D.P.R.1966); and cases cited therein. Plaintiff's exception is hereby overruled on condition that such an affidavit is made by defendant's attorney within fifteen days.