BROADWATER *v.* ARCH

[No. 93, September Term, 1972.]

*Decided December 11, 1972.*

330

The cause was argued before BARNES, MCWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ., and ALFRED L. SCANLAN, Associate Judge of the Court of Special Appeals, specially assigned.

*John C. Sullivan* for appellant.

*C. William Gilchrist,* with whom were *Carscaden, Gilchrist & Getty* on the brief, for appellee.

LEVINE, J., delivered the opinion of the Court.

We are asked here to overturn a ruling of the Circuit Court for Garrett County (Hamill, J.) whereby summary judgment was granted in favor of appellee (defendant) on the action brought against him by appellant (plaintiff) for injury allegedly sustained due to dental malpractice.

Appellant filed his declaration on February 29, 1968, alleging that while he (appellant) was a patient in Memorial Hospital in Cumberland on April 20, 1967, appellee, a practicing dentist, removed "two teeth including the third right molar . . .; that during the course of the extraction of the teeth [appellee] fractured the right mandible or jaw of [appellant] . . .; that said operation

and acts on the part of [appellee] leading up to the said operation was [sic] done in a negligent and careless manner . . . ."

After pleading the general issue, appellee propounded to appellant detailed interrogatories, among which were those that are set forth here. For purposes of facility, we group them together with appellant's responses.

"2. Do you claim that defendant caused you to sustain injury through his:

"(a) Failure to be qualified for the practice of dentistry; [No].

"(b) Failure to diagnose your requirements correctly; [Yes. Here, by examining X-rays properly, it could have been determined that a broken jaw could happen.]

"(c) Failure to obtain consent or authority to operate; [Yes—did not get 'informed consent.' Here, failure to obtain informed consent. The defendant knew what might happen during the operation but the plaintiff did not and should have been informed of the risks he was taking.]

"(d) Failure to use modern equipment; [unknown now.]

"(e) Failure to use modern techniques; [unknown now.]

"(f) Failure to use modern preoperative procedures; [Yes . . . . The defendant should have been aware of the risks involved.]

"(g) Failure to perform the correct work; [Yes . . . . a broken right jaw resulted.]

"(h) Infliction of physical or mental injury upon you during the course of treatment; [Yes . . . . much suffering immediately following and subsequent thereto.]

"(i) Failure to observe proper operative or post-operative procedures; [Yes . . . . here, failure to take precautionary measures. In sub-

stance, the defendant, realized or should have realized the situation that confronted the plaintiff in the pulling of his two jaw teeth. The plaintiff did not understand what risks were involved of receiving a broken jaw. This fact should have been conveyed to the plaintiff by the defendant, in whose sole care he was in and of which he was aware of.]

"(j) Failure to provide satisfactory treatment subsequent to the operation; [No.]

"(k) Other negligence or inadequacy. [No response.]

"3. If your answer to any of the subdivisions of the preceding interrogatory is in the affirmative, with respect to each such answer, state:

"(a) The specific details thereof;

"(b) The details of defendant's conduct;

"(c) The details of the conduct as you claim it should have existed;

"(d) The basis for your answer to the preceding subdivision. [All answers to 3 combined with answers to No. 2 above.]

* * *

"8. Have you received information from anyone that defendant was negligent or failed to exercise requisite skill in attending and treating you?

"[answer to 8. This information is not available at this time inasmuch as the plaintiff and his attorney, John C. Sullivan, have not had the occasion to consult with the Dr. of Dentistry who will testify in the case. This record will be furnished when available but not ready at this time; are in the process of acquiring same.]

* * *

"10. Was information of any other criticism of defendant's care or treatment given you, and if so, furnish information relating to such

criticism similar to that required in the next preceding interrogatory. [None available at this time.]

"11. Have you employed an expert to act in your behalf in any matter pertaining to this action?
"[answer to 11. An expert, name unknown, is being furnished by the American Trial Lawyers' Association and when this information becomes available, it will be furnished.]

* * *

"13. State the names of all experts who will be called as witnesses at the trial. [To be answered later.]

* * *"

In November 1969, more than 19 months after receiving appellant's answers, appellee filed his motion for summary judgment in which he raised the following points:

1. That in actions for malpractice against physicians and dentists, the issue of professional skill is generally a topic requiring expert testimony, in support of which he quoted from *Fink v. Steele,* 166 Md. 354, 171 A. 49 (1934).

2. Appellant's answers to interrogatories disclosed that he had "no expert witnesses to establish his claim that appellant was negligent" or failed to employ the skill required of him.

3. That appellant's answers also presented no "evidence" concerning the applicable standard of care, without which he could not establish a *prima facie* case of malpractice under *Johns Hopkins Hospital v. Genda,* 255 Md. 616, 258 A. 2d 595 (1969).

The motion was initially argued and denied on September 11, 1970. The reasons for denial are discernible from the colloquy and ruling of May 9, 1972, when the motion was reargued and granted, resulting in the judg-

ment from which this appeal is brought.[1] At the 1972 hearing, appellee's counsel contended:

"* * *

"[T]his is generally a topic calling for expert testimony only, and in the absence of such expert testimony, the Court in its general power can pass upon the question, such as is presented here, as a matter of law. There is also a well recognized rule in Maryland that in the performance of an operation a physician, or a surgeon and also a dentist is presumed to have used skill and have done the operation properly, and it requires expert testimony to rebut that presumption.

"In the Plaintiff's answers to Interrogatories, he admits that he has no expert witness . . . . Since there is no expert testimony to be proffered in the case concerning the standard of skill in which the operation was done, or skill of the defendant himself in performing the procedure, in the absence of expert testimony to demonstrate the defendant's procedures did not conform with standards required, the plaintiff can't make out a case of malpractice, and consequently, the case needs to be dismissed.

"BY THE COURT: . . . [B]ack in September of 1970, I agreed with your version of the law, but I denied your Motion to give Mr. Sullivan an opportunity to obtain expert testimony, and he, I believe, admitted at that time he had no expert witnesses to testify in the matter, so the Motion, at that time, was denied in order to give him an opportunity to do that. So, if the situation is still the same whereby Mr. Sullivan

---

1. We are not told why, in view of the 1970 denial, the motion was reargued in 1972 without a refiling of any kind; indeed, judging from the docket entries, there was no action of any kind during that interval except for a prayer for jury trial and three continuances of what we assume were trial dates, or continuances at the call of the docket upon the beginning of the term.

has no expert testimony to offer on behalf of his claim, then of course, as I say, I agree with your version of the law in that case . . . .

\* \* \*

"BY THE COURT: The Interrogatories, and, therefore, the record would indicate that the Plaintiff has no medical testimony to offer on behalf of his claim . . . . For these reasons, the Motion previously denied on September 11, 1970, is now granted effective this date, May 9, 1972, the Motion will be granted and summary judgment entered in favor of the defendant . . . .

\* \* \*"

In urging affirmance, appellee renews the arguments which were successfully advanced below and contends that summary judgment was appropriate to this case. We do not agree that the summary judgment procedure was properly applied here and we shall reverse the judgment entered in the trial court.

We suspect there are few better-settled rules in this state than that pertaining to the office of a motion for summary judgment. In a line of cases, the citation of which would unduly lengthen this opinion, we have repeatedly held that the summary judgment procedure is not designed as a substitute for trial or for the purpose of deciding an issue of fact, but that it merely provides for a hearing to determine whether there is an issue of fact to be tried. *Wolfe v. Lamar & Wallace, Inc.*, 261 Md. 174, 274 A. 2d 121 (1971); *Kirsner v. Fleischmann*, 261 Md. 164, 274 A. 2d 339 (1971); *Lipscomb v. Hess*, 255 Md. 109, 257 A. 2d 178 (1969).

Nothing contained in Rule 610 of the Maryland Rules of Procedure, nor in any of our decisions, has ever permitted the granting of summary judgment as a remedy for failure to furnish the name of an expert witness one proposes to produce at his trial; nor, indeed, for any other failure to obey the discovery rules. The sanctions

for failure to comply with the discovery rules are comprehensive and have been deemed adequate to insure compliance. *See e.g., Lynch v. R. E. Tull & Sons, Inc.,* 251 Md. 260, 247 A. 2d 286 (1968) ; *Miller v. Talbott,* 239 Md. 382, 211 A. 2d 741 (1965) ; *Smith v. Potomac Electric Power Co.,* 236 Md. 51, 202 A. 2d 604 (1964) ; *Baltimore Transit Co. v. Mezzanotti,* 227 Md. 8, 174 A. 2d 768 (1961).

In this connection, it should be noted that Rule 417, which governs discovery by interrogatory, expressly allows for the filing of exceptions to answers, a prócedure which might well have been utilized here by appellee if he judged appellant's answers to be unresponsive. Since answers to interrogatories are held to be continuing in nature even where they are not expressly so made, *Pare v. Rodrique,* 256 Md. 204, 260 A. 2d 313 (1969), although they were here, appellee would not have been exposed to the danger of surprise if the case had been allowed to proceed to trial. In point of fact, there was nothing to prevent the trial court, at the summary judgment hearing, from dealing with the apparent inadequacy of appellant's answers by imposing sanctions *sua sponte* within the framework of the discovery rules. *Pfeiffer v. State Farm Mutual Auto Ins. Co.,* 247 Md. 56, 230 A. 2d 87 (1967). Finally, since the application of sanctions under the discovery rules is within the sound discretion of the trial judge, *Evans v. Howard,* 256 Md. 155, 259 A. 2d 528 (1969), nothing foreclosed him in the case at bar from placing appellant under a time limit for furnishing the name of his expert witness, thereby subjecting him to the array of sanctions available under Rule 422.

To be sure, we have said that the issue of "suitable professional skill is generally a topic calling for expert testimony," but we have also had occasion to add that, "for lack of it the Court may rule, in its general power *to pass upon the sufficiency of evidence* that there is not sufficient evidence *to go to the jury." Johns Hopkins Hospital v. Genda* and *Fink v. Steele,* both *supra* (emphasis added). The point we make here is that the rule appears

to have been applied invariably to the sufficiency of trial evidence. Whether appellee's motion for summary judgment was sufficient to reveal that there was no genuine issue of material fact is not before us, as it is clear that the trial judge granted the motion merely because "[appellant] had no medical testimony to offer on behalf of his claim."

It may conceivably develop from evidence at the trial, if there is one, that this is one of those cases where no expert testimony is required to establish the standard of care or its breach. *Thomas v. Corso,* 265 Md. 84, 97-99, 288 A. 2d 379 (1972) ; *Crockett v. Crothers,* 264 Md. 222, 224-225, 285 A. 2d 612 (1972) ; *Central Cab Co. v. Clarke,* 259 Md. 542, 551-52, 270 A. 2d 662, 667-68 (1970). We carefully refrain, however, from expressing any opinion in this regard, as our decision is limited to merely holding that the summary judgment procedure prescribed by Rule 610 may not be invoked for a mere failure to comply with the discovery rules.

> *Judgment reversed; remanded for further proceedings; costs to be paid by appellee.*