# WILLIAM HARSANYI *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY

[No. 731, September Term, 1978.]

*Decided March 12, 1979.*

The cause was argued before THOMPSON, LOWE and LISS, JJ.

*John F. Somerville, Jr.,* for appellant.

*Gary G. Leasure,* with whom was *John J. Coyle, Jr.,* on the brief, for appellee.

LISS, J., delivered the opinion of the Court.

This is an appeal by William Harsanyi, appellant, from a summary judgment granted in favor of Hartford Accident and Indemnity Company, appellee, by the trial judge in the Circuit Court for Allegany County.

On December 20, 1973, appellant was returning home from his work as a coal mine inspector for the Department of the

Interior when he fell on an icy road, injuring his left shoulder; he continued to work as a coal mine inspector until March 5, 1974. Appellant contended that he reported his fall the day after the occurrence and was assigned light duty "accident prevention work" until March 5, 1974, when he filed a claim for compensation under the Federal Workmen's Compensation Act. On May 14, 1974, the appellant was certified as "totally disabled" under the Federal Workmen's Compensation Regulations. On August 22, 1974, he returned to work where for the next seven months he was assigned to light duty "accident prevention work" and was occasionally engaged in actual mine inspection. Appellant stopped work entirely on March 17, 1975, because of the severe pain in his shoulder which resulted from the accident of December 20, 1973. He began to receive sick leave benefits from his employer which terminated in June of 1975. By motion, appellant reopened his compensation claim and was awarded benefits after the completion of his sick leave. In August 1976, appellant was approved for civil service disability payments of $1,223 per month based on his shoulder injury, a prior knee injury, and silicosis. Payment under this award was deferred until compensation payments ceased.

Appellant was the insured under an insurance policy issued by the appellee on November 15, 1967. The appellant sought permanent total disability benefits under a claim dated August 18, 1976, which indicated that the first date of disability was March 17, 1975, and which recited the cause of disability as "capsulitis of the left shoulder" and "degeneration of the left knee." The pertinent provisions of the insurance policy were as follows:

> Upon due written proof, submitted to the Company during the lifetime of an Insured Person, that injury sustained by him prior to his 65th birthday resulted directly and independently of all other causes in total disability (hereinafter defined):
>
> (a) which commenced within 180 days of the accident; and
>
> (b) continued without interruption for a period not

less than 12 consecutive months and to the date such proof is submitted to the Company; and

(c) that such total disability will be permanent and continuous during his further lifetime;

the Company will pay the applicable Principal Sum. . . .

The words "total disability" as used in this Benefit mean inability of the Insured Person to engage in any and every occupation or employment for wage or profit . . . .

Appellant claims the benefit of an amendatory rider to the policy issued by the company which became effective on October 1, 1977. Appellee contends — correctly, we believe, that the appellant is not entitled to the benefit of the rider as it became effective long after the date of the accident (December 20, 1973) and the date of the filing of the claim (August 18, 1976). The rider defines total disability as "inability of the insured person to engage in any and every occupation or employment for wage or profit for which he is reasonably fitted by training, education or experience."

Appellee filed a request for admission of facts in order to verify the terms of the policy and subsequently filed a motion for summary judgment claiming there was no valid dispute between the parties as to the facts or the law. The presiding judge agreed with the appellee and granted the summary judgment. It is from that judgment that this appeal was filed.

The questions to be answered by this appeal are:

1. Did the trial judge err in granting appellee's motion for summary judgment?

2. Whether an insured may recover for permanent disability under a policy which "requires the insured to suffer permanent disability within 180 days of the accident," or whether the policy allows the insured to recover for permanent disability which manifests itself more than 180 days after the accident but which under the "process of nature" rule would be considered as

immediate and as dating from the time when the injury set the process of nature in motion?

3. Whether this insurance policy required the insured to cease all work within the 180 day period before being entitled to permanent disability benefits?

On numerous occasions the Court of Appeals has stated that the function of the summary judgment procedure is not to try the case or decide the issues of fact raised; it is merely to determine whether there is an issue of fact to be tried, and if there is none to cause judgment to be issued accordingly. *Brewer v. Mele,* 267 Md. 437, 298 A. 2d 156 (1972); *Broadwater v. Arch,* 267 Md. 329, 297 A. 2d 671 (1972); *Greenwell v. American Guaranty Corp.,* 262 Md. 102, 277 A. 2d 70 (1971); *Delia v. Berkey,* 41 Md. App. 47, 395 A. 2d 1189 (1978). We agree with the trial judge that no valid dispute existed as to the facts in the case.

The undisputed testimony in appellant's deposition disclosed that he was injured on December 20, 1973; that he continued to be gainfully employed until March 5, 1974; that he remained off his job for several months and resumed work on August 22, 1974; and that thereafter he continued to be gainfully employed until March 17, 1975. It is conceded that the policy under which the appellant makes his claim requires that the injury, sustained by the insured, result directly in total disability which commenced within 180 days from the date of the injury. The policy also requires that the total disability continue without interruption for not less than 12 consecutive months. "Total disability" is defined in the policy as meaning: "inability of the insured to engage in any and every occupation or employment for wage or profit . . . ." The appellant, himself, testified that he was gainfully employed until March 8, 1975, a period which extended well beyond 180 days after the accident of December 20, 1973. Nor does the record before us reveal that his disability continued for 12 consecutive months, as required by the policy.

The insurance contract in this case must be read and construed in the same manner as any other contract. We are

not permitted to ignore a policy provision in order to avoid what appears to be a hardship. *Little v. First Federated Life Insurance Company,* 267 Md. 1, 296 A. 2d 372 (1972). The words in an insurance contract, absent any ambiguity, must be construed according to their customary and normal meanings. *C & H Plumbing and Heating, Inc. v. Employers Mutual Casualty Company,* 264 Md. 510, 287 A. 2d 238 (1972).

Appellant urges that we adopt the process of nature rule which was first promulgated in *Frenzer v. Mutual Benefit Health and Accident Association,* 27 Cal.App. 2d 406, 81 P. 2d 197 (1938), which case held: "[W]hen a disability follows from an accidental injury within such time as the processes of nature consume in bringing the affected person to the state of total incapacity to prosecute every kind of business pertaining to his occupation, such disability is immediate under the terms of the policy." *Id.* at 413.

The rule as cited in *Appleman's Insurance Law and Practice,* Section 612 (1978), states:

> [W]ithin the meaning of the policy provisions requiring disability within a specified time after an accident, the onset of the disability relates back to the time of the accident itself whenever the disability arises directly from the accident within such time as the process of nature consumes in bringing the person affected to a state of total disability.

The rationale for the rule as stated in *Rathbun v. Globe Indemnity Company,* 107 Neb. 18, 184 N. W. 903, 908, 24 A.L.R. 191 (1921), is as follows:

> [I]t may be said to be a matter of common knowledge that in a great many, perhaps in a large majority of instances in which bodily injuries are received, the real nature and extent of said injuries do not reveal themselves until a greater or less time in the future and after the first pains from the hurt shall have passed away. The injured part often lies dormant for an indefinite period, with but little or no consciousness of its existence by the person

injured, although from the very moment of the accident, perhaps, the processes of nature may be busily engaged in developing what may have seemed to be but a slight hurt into a most serious and perhaps fatal injury. In such a case it cannot be said that the injury is not continuous and from the date of the accident, nor can it fairly or justly be said that the disability is not continuous and from the date of the accident, because the injured party enjoys a brief respite from pain and suffering, only to be endured to a greater degree when perverted nature again asserts itself.

Appellant argues that our Court of Appeals adopted the process of nature rule in *Maryland Casualty Company v. Ohle,* 120 Md. 371, 87 A. 763 (1913). We do not agree. That case seems to turn on the issue of notice. Even if we assume, arguendo, that in appropriate circumstances our Court of Appeals might adopt the process of nature rule, we do not believe this case factually falls within the ambit of that legal principle. We note that the assured's history contains indications that he was suffering not only from the injury to his shoulder but an injury to his knee and a long standing silicosis as well. It was on the basis of any and all injuries he received during his work for the government that he requested and was awarded civil disability benefits. The assured offered no medical testimony by way of affidavit or otherwise from which it could be determined that this was an appropriate case for the application of the process of nature rule. On his application for civil service disability benefits, appellant stated that his disability was at least partially predicated on his shoulder injury, his prior knee injury and on his prior black lung disease. In his deposition, he admitted that it was upon a combination of all three injuries that he claimed the basis for his civil disability retirement.

We conclude: that appellant's "total disability," if it did in fact exist, did not commence within 180 days of the accident to his shoulder, and that it did not continue without interruption for not less than 12 consecutive months; that for these reasons, the assured is not entitled to the benefits he

seeks under the policy, and that the trial judge did not err in granting the appellee's motion for summary judgment.

*Judgment affirmed.*
*Costs to be paid by appellant.*