## THE MATAGALPA.

### HARWOOD v. CEIBA NAV. CORPORATION.
### No. 51.

District Court, E. D. Pennsylvania.
Oct. 15, 1934.

Mortimer W. H. Cox, of Philadelphia, Pa., for libelant.

Krusen, Evans, Shaw & Campbell and John Breck Shaw, all of Philadelphia, Pa., for respondent.

DICKINSON, District Judge.

Briefs have been submitted and the cause now ripe for a ruling.

The libel is filed to recover compensation for injuries sustained by a seaman. There might be two grounds of recovery; one based on negligence, the other on the obligation of a ship for cure, etc. The latter obligation is admitted. The only, what may be called statutory, basis for a finding of negligence is that a hatch was left open. Rule 5, section 24, of General Rules and Regulations prescribed by the Board of Supervising Inspectors, requires that masters shall make sure before proceeding to sea that all exposed hatches are covered. The libelant fell through an open hatch. He was standing on a hatch beam from which he misstepped or slipped precipitating him upon a cargo of bananas. Fortunately the fall was not great. He, of course, knew the hatch was open.

The rule in question has an obvious purpose and does not apply to the fact situation here presented. The ship at the time was well out on high seas. The weather was clear and the sea smooth. There was no rolling or pitching of the vessel. The hatch had been opened to afford ventilation to the cargo. This was usual on this type of vessel when carrying bananas. Failure to comply with a statutory regulation is negligence, or at least evidence from which neg-

ligence may be found. A requirement that a hatch be closed is disobeyed by having a hatch open. It does not become the subject of the regulation to question its wisdom. It is his duty to obey it, and he cannot excuse disobedience by offering a plausible reason for noncompliance. The rule in question relates however only to the time the ship is "proceeding to sea" and to the preparation for it. It does not prohibit the opening of a hatch during a more or less protracted voyage, nor after its completion.

We make the finding of no statutory negligence. Was there negligence in fact? Notwithstanding the very able argument addressed to us by the proctor for the libelant, we are unable and refuse to find that it was a negligent act to open a hatch in order to provide cargo ventilation. The open hatch was not the act which was the cause of the injury. The most which can be said is that it contributed to the injury sustained by increasing the distance of the fall. A fall upon a covered hatchway might well be one thing; a fall through an open hatchway quite another thing. The latter may have contributed to the consequence; it did not to the cause of the fall.

There are two essential elements in actionable negligence. Reversing the usual order of statement, the act must have contributed to the injury. This element is present. The act, however, must have been negligent. The act was the opening of a hatch. This we refuse to find was a negligent act. There was in consequence no negligence either imputed or real. The ship, none the less, is liable for cure. This liability is admitted. There should thus be an award. The only question is for how much.

Findings of fact and conclusions of law may take the form of answers to requests filed by the libelant under Admiralty Rule 46½ (28 USCA § 723).

1. Request 1 is refused. The hatch was not open in violation of the requirements of the rules and regulations.

2. Request 2 is refused. It was not negligence to open the hatch when at sea in fair weather for the purpose of ventilation of the cargo.

3. Request 3 is refused. There is no convincing evidence of what caused the libelant to fall.

4. Request 4 is refused. There is no fact basis for the conclusion stated, the presence of "rotten banana peelings" not being found.

5. Request 5 is refused.

6. Request 6 is refused as not applicable.

7. Request 7 is granted, and the sum of $350 allowed for cure and maintenance.

An appropriate decree may be submitted.