**BUGEN et al. v. FRIEDMAN.**

No. 10257.

United States District Court
E. D. Pennsylvania.

June 13, 1950.

Elwood S. Levy, Philadelphia, Pa., for plaintiffs.

Philip H. Strubing, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is an action for damages against the defendant physician, alleging that serious injuries were sustained by the wife plaintiff as a result of the negligent manner in which the defendant is asserted to have performed a "nerve block". Plaintiffs have filed interrogatories under Rule 33, F.R. C.P., 28 U.S.C.A., and to certain of them defendant objects.

 Three of the interrogatories seek to require answers as to (1) whether the defendant assured the wife plaintiff that the treatment was without any serious risk, (2) whether he warned her of the possibility of complications, and (3) whether he obtained from either of the plaintiffs any written consent. Objection is taken to these questions on the ground of irrelevance. Rules 33 and 26(b), F.R.C.P. Only if the cause of action were based upon an assault theory, contends the defendant, would they be relevant. However, it seems to me that the objections are not well taken, and that the interrogatories do go to the issue of negligence. If the answer to the first is in the affirmative, an inference of negligence is possible. If the answer to the second is in the negative, a separate inference of negligence is possible. And the answer to the third question may support an inference which may be drawn from either of the other two answers.

A fourth interrogatory objected to asks the defendant to state, if he charges contributory negligence, upon what conduct, acts, or omissions of the plaintiffs such charge is based. The plaintiffs urge that the subject matter of the accident involves technical, medical and anatomical data which would be known or should be known to a physician such as the defendant and which obviously would not be within the knowledge of the wife plaintiff, and furthermore, the wife plaintiff was, for the performance of the "nerve block", exclusively under the control of the defendant. Consequently, it is argued, the plaintiffs are entitled to learn any facts which, for these reasons, are in the knowledge of the defendant. I am in thorough agreement with this contention, but the plaintiffs have asked too much. They have asked for the expression of a conclusion and an opinion, Ryan v. Lehigh Valley R. Co., D.C., 5 F.R.D. 399; Doucette v. Howe, D.C., 1 F.R.D. 18; Doucette v. Eastern State Transportation Co., Inc., D.C., 1 F.R.D. 66; and not merely for the expression of an expert medical opinion, cf. Kendall v. United Air Lines, D.C., 9 F.R.D. 702. I believe that the desired facts can be ascertained by properly phrased interrogatories or requests for admissions. They cannot, however, be required from the defendant under the shotgun query of contributory negligence.