**Alvin SHAPIRO, Plaintiff-Appellant,**

v.

**REMINGTON ARMS COMPANY, Inc., Defendant-Appellee.**

**No. 12334.**

United States Court of Appeals Seventh Circuit.

Oct. 10, 1958.

John G. Phillips, Chicago, Ill., for appellant.

Robert B. Johnstone, L. H. Vogel, Chicago, Ill., for appellee, R. C. Vogel, Chicago, Ill., of counsel.

Before DUFFY, Chief Judge, and FINNEGAN and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff brought this action for personal injury resulting from use of a stud gun, on the theory that the defendant manufacturer was liable to plaintiff, with whom it had no contractual relation, because the product was inherently dangerous.

Plaintiff contended that defendant manufacturer was negligent in supplying plaintiff's employer with a stud gun which was inherently dangerous because its guard (as defendant knew) was ineffective to prevent ricochet.

The District Court granted defendant's motion for directed verdict at the close of the plaintiff's case on the ground that plaintiff's proof fell short of establishing liability. Plaintiff appeals that decision.

Plaintiff's expert witness testified that the guard was dangerous in that its design made no provision for expansion of gases capable of causing recoil from the surface into which studs were being fired, thus enabling ricochet of studs. When asked, however, to indicate the size of space which should have been allowed in the guard for such expansion,

plaintiff's expert witness repeatedly answered that he could offer only a guess at best, that "it would require separate experimental evidence * * *" "There is no analytical approach * *" "I have not made these tests. I would require a complete experimental program to determine this." (Appendix, pages 48, 49, 58, 62).

As the District Court noted, the expert also testified that the safety of the implement depended on the type of charge and stud used, and the kind of material into which the latter was driven. With respect to the incident out of which the claim arose, evidence as to these matters was lacking. The District Court concluded that plaintiff had not sustained his burden of proving the use a proper one.

Plaintiff further avers error in rejection of proffered proof of defendant's patent application, dated July 24, 1952, on an improved guard, containing admissions that the guard used by plaintiff was dangerous and had been outlawed in some jurisdictions.

The date of sale to plaintiff's employer was not proved, and the District Court refused to admit evidence of subsequent improvement in the art.

The evidence did show that subsequent to the patent application sought to be admitted in evidence, approximately December 8, 1953, the gun had been returned to the defendant manufacturer who checked and adjusted the firing pin. The District Court stated:

"If, however, you submitted it to them for inspection, repair and rehabilitation, and they either failed to advise you that there were improvements that could be purchased and put on this device or that there was a new, improved and safer device to protect the lives and limbs of workmen that could be purchased, then that is quite another. Now you are going to have to lay that kind of a foundation." (Appendix, pages 38–9.)

and:

" * * * unless you can show that subsequent to the original sale of this gun it was sent back to the factory and at that time by the factory warranted to have been brought up to par with what they were then selling, that is, with all improvements subsequently discovered. This other evidence is not material. They may send it back just to have a trigger fixed or to have a new handle put on and they did just that and nothing more on your order. They have not warranted that this gun is up to the latest one that they have put on the market and that you are going to have to show. That is your burden." (Appendix, page 55.)

Lacking this foundation, the District Court rejected the proffered proof.

We find no error in the action of the District Court.

Judgment affirmed.

FINNEGAN, Circuit Judge.

I concur in the result.