Geneva **HARTSFIELD**, Admx. of the Estate of James C. Hartsfield, Dec'd.,

v.

**GULF OIL CORPORATION.**

Civ. A. No. 27477.

United States District Court
E. D. Pennsylvania.

Jan. 5, 1962.

Marvin I. Barish of Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Albert R. Beal of Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

**164**

FREEDMAN, District Judge.

The plaintiff objects to interrogatories propounded by defendant.

■ Plaintiff has sued for damages for the death of her husband, who had been employed by defendant as a member of the crew of the S. S. "Gulfvictor". The complaint (§ 5) alleges that decedent's death occurred because he "was forced to work under improper circumstances and proper and prompt medical treatment was withheld from him". The complaint (§ 6) then declares that defendant was negligent and the vessel unseaworthy. In eleven subsections these charges are detailed. Such specifications, of course, are not required under the Federal system of notice pleading. F. R.Civ.P, rule 8(a), 28 U.S.C.A.; Moore, Federal Practice (2d ed.), § 8.12, p. 1647, and cases there cited. However, the seemingly elaborate allegations of negligence and unseaworthiness are shown on examination to be both repetitious and illusory. For example, one subsection charges defendant with "causing and/or permitting plaintiff's decedent to work under improper or dangerous conditions", while another charges defendant with "ordering and/or requiring plaintiff's decedent to perform his duties under improper and dangerous conditions and for dangerously long periods of time". Despite this repetition that decedent worked under conditions which were "improper" and "dangerous", there is no statement of what it was that made them so.

The interrogatories follow a simple pattern: they tread the path marked out by the eleven subsections detailing negligence and unseaworthiness, and in each instance after specifically referring to them ask plaintiff: "State in detail the facts or information supporting this allegation or upon which this allegation is based."

Plaintiff objects that the interrogatories call for opinions and conclusions of counsel and seek the work product of counsel.

■ A number of courts have refused to permit interrogatories which call for details of the negligence charged; and it has been said that they are improper because they call for expressions of opinion or conclusions [1] and that an answer to them would foreclose the plaintiff from pressing some new theory or new fact at the trial.[2] But it is now settled that interrogatories are an appropriate means for obtaining a specification of the facts upon which a claim of negligence is founded. As early as Sierocinski v. E. I. Du Pont De Nemours & Co., 103 F.2d 843 (3d Cir., 1939), our Court of Appeals held that a complaint need only allege negligence, and if the defendant needs more information he should obtain it by interrogatories.[3] Since then the motion for a bill of particulars has been abolished, and the motion for a more definite statement, although still permitted, obviously is unjustified because a complaint need allege negligence and unseaworthiness only in general terms (F.R.C.P., Appendix, Form 9). Discovery, therefore, alone is available, and there is no reason to limit it to oral depositions. Interrogatories are inexpensive and their scope, since the amendment of 1946, is just as broad.

■■ The objection that the interrogatories require the statement of conclusions or opinions is unjustified in the present circumstances. Opinions and conclusions are inherent in any specification of the factual basis of a claim of negligence. The allegation of negligence

---

1. Bugen et al. v. Friedman, 10 F.R.D. 231 (E.D.Pa.1950); Doucette v. Howe, 1 F.R.D. 18 (D.Mass.1939); Doucette v. Eastern States Transp. Co., Inc., 1 F.R.D. 66 (D.Mass.1939).

2. Ryan v. Lehigh Valley R. Co., 5 F.R.D. 399 (S.D.N.Y.1946).

3. See also Martz v. Abbott, 2 F.R.D. 17 (M.D.Pa.1941); Lincoln v. Herr, 6 F. R.D. 209 (W.D.Pa.1946); Reese v. Pennsylvania R. R., 14 F.R.D. 153 (W.D.Pa. 1953).

itself is the statement of a conclusion, and since negligence may be pleaded broadly, a statement of the facts upon which the conclusion is based can hardly be forbidden as the expression of conclusions. Nor is it necessarily improper to require conclusions or opinions. The Rules themselves do not preclude it, and to establish such a prohibitory principle would enthrone theoretical considerations of logical symmetry above the practical requirements of everyday litigation. Any denial of interrogatories which are calculated to lead to evidence or to narrow the issues would thwart the purpose of the Rules. 4 Moore, Federal Practice (2d ed.), § 33.17.

The rule which precludes one party from obtaining the work product of his opponent's lawyer is inapplicable. For it is everyday experience that the operation of the trained mind of the lawyer is required to formulate the pleadings and the answers to instruments of discovery such as interrogatories. Even the bare allegation of negligence is the ultimate product of the play of the lawyer's mind in marshalling the facts and measuring them by the legal standard of due care. Acceptance of plaintiff's contention would be to adopt an unrealistic view of litigation and to ignore the role of the lawyer in carrying it forward.

In Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947), where the lawyer's work product doctrine was established, the Supreme Court said: "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." The defendant is entitled to have the information sought and this is especially clear in the present circumstances, where it asserts that it has no knowledge of an accident involving decedent aboard its vessel and the vagueness of the complaint leaves it in the dark regarding the claim against it.

Accordingly we enter the following

ORDER

AND NOW, January 5, 1962, plaintiff's objections to defendant's interrogatories 14 to 24, inclusive, are overruled and plaintiff is directed to answer them within 20 days.