Ruth Elizabeth PRESSLEY, Plaintiff,

v.

Dr. Frederick John BOEHLKE, Jr., Defendant.

Civ. No. 1718.

United States District Court
W. D. North Carolina,
Charlotte Division.

Heard Aug. 26, 1963.

Decided Sept. 3, 1963.

Beverly H. Currin, Charlotte, N. C., for plaintiff.

William B. Webb, Carpenter, Webb & Golding, Charlotte, N. C., for defendant.

CRAVEN, Chief Judge.

The above-captioned matter was heard at Charlotte, North Carolina, on August 26, 1963, upon the defendant's written objections to certain interrogatories posed to him by plaintiff.

Question No. 28 reads as follows: "What prompted you to drive the front of your car into the left rear of the 1956 Chevrolet on the occasion in question?"

Defendant objects to this question on the grounds that it is repetitious, irrelevant, vague and of too general and all inclusive a nature. The question does not appear to be repetitious, nor can it be said irrelevant to the subject matter of the action. That it is somewhat vague and general is not itself justification for refusal to answer, for in no event can requiring the defendant to answer the question be burdensome. The most sound objection to the question would seem to be that it is argumentative; but, for present purposes at least, the defendant certainly gets the last word in the argument. If the assumption is false that something "prompted" defendant, he need only answer, "Nothing". Objection overruled.

Question No. 32 reads as follows: "In what way could you have avoided the collision?" The defendant objects to this question on the same grounds as to the prior one. The objections to this question are without merit. Interrogatories by plaintiff seeking to find out the scope of the defense are proper. Barron & Holtzoff, Federal Practice and Procedure, Section 766. Perhaps defendant's real objection is that it is a difficult question to answer and requires a present decision on the position that he will take at the trial. This is one of the purposes of discovery—to require early evaluation of the case with increased likelihood of settlement. Although his answer now, unless carefully framed, can possibly embarrass him at the trial, it is not, of course, a bar to asserting a different position at the time of trial. Barron & Holtzoff, Federal Practice and Procedure, Section 778.

One reason Rule 33 works so well in practice is that vague and argumentative questions usually contain a built-in penalty. Evasive or cryptic answers are ordinarily insufficient. Barron & Holtzoff, Federal Practice and Procedure, Section 777. But a cryptic question invites an inscrutable answer. It is said colloquially, "Ask me a foolish question, and I'll give you a foolish answer."

Thus, requiring defendant to answer such questions is not likely to be harmful to him. Certainly, the administration of justice will not be impeded, and the burden is on defendant to show his objections to interrogatories should be sustained. Barron & Holtzoff, Federal Practice and Procedure, Section 775.

█ Objections to the remaining questions, Nos. 35–42 inclusive, are entirely without merit and require no discussion. One of these questions inquires whether defendant has signed any written statement or statements in connection with the collision. Requiring an answer to this question is not at all the same thing as requiring the production of such a statement, and entirely different rules are applicable. See: Goosman v. A. Duie Pyle, Inc., 320 F.2d 45 (4th Cir. 1963); and Guilford National Bank of Greensboro v. Southern Railway Co., 297 F.2d 921 (4th Cir. 1962).