**KERR–McGEE CORPORATION, a corporation, and National Farmers Union Development Corporation, a corporation, co-partners doing business under the firm name of Kermac Potash Company, Plaintiffs,**

v.

**TEXAS OKLAHOMA EXPRESS, INC., a corporation, and The Youngstown Tube and Sheet Company, a corporation, Defendants.**

Civ. No. 67–171.

United States District Court
W. D. Oklahoma.

Nov. 21, 1967.

---

Francis S. Irvine, Kerr, Davis, Irvine, Burbage & Hentz, Oklahoma City, Okl., for plaintiffs.

Reagan Sayers, Rawlings, Sayers & Scurlock, Fort Worth, Tex., John B. Dudley, McAfee, Dudley, Taft, Cates & Mark, Edward E. Soule, Lytle, Soule & Emery, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

The Defendant, Texas Oklahoma Express, has propounded Interrogatories Nos. 11, 23, 26, 27 and 28 to Plaintiff, Kerr-McGee Corporation. Plaintiff has objected with supporting brief to Nos. 11 and 23 on the ground that they call for an opinion or conclusion on the part of the officer or agent answering them and to Nos. 26, 27 and 28 on the grounds that the investigation, research and compilation of data necessary for answer is unduly burdensome, oppressive and cannot be given without undue labor and expense and that they are irrelevant in view of other answers given to other interrogatories of said Defendant.

■ With regard to answers to interrogatories involving opinion, the decisions seem to be greatly in conflict.[1] The trend of the courts is to permit the interrogatory to stand where it calls for a "factual" opinion. Diversified Products Corp. v. Sports Center Co., Inc., 42 F.R.D. 3 (D.Md.1967). Because of the difficulties of separating fact, opinion, contention, and conclusion, it is preferable to allow such interrogatories where their answers would serve any substantial purpose in the suit. United States v. Renault, Inc., 27 F.R.D. 23 (S.D.N.Y.

1. Cases holding opinion objectionable: United States v. Columbia Steel Co., 7 F.R.D. 183 (D.Del.1947), General Motors Corporation v. California Research Corp., 8 F.R.D. 568 (D.Del.1948), Onofrio v. American Beauty Macaroni Co., 11 F.R.D. 181 (W.D.Mo.1951). Cases allowing opinion: Territory of Alaska v. The Arctic Maid, 135 F.Supp. 164 (D.C.Alaska, 1955), Caldwell-Clements, Inc. v. McGraw-Hill Publishing Co., Inc., 12 F.R.D. 531 (S.D.N.Y.1952), American Oil Co. v. Pennsylvania Products Co., 23 F.R.D. 680 (D.R.I.1959), Hartsfield v. Gulf Oil Corporation, 29 F.R.D. 163 (E.D.Penn.1962).

1960), Meese v. Eaton Manufacturing Co., 35 F.R.D. 162 (N.D.Ohio 1962).

 The questions objected to by Plaintiff ask, in substance, whether Plaintiff's damage resulted from the manner in which the merchandise was loaded on Defendant's truck. The questions are prefaced with, "In your opinion * * *" Plaintiff's second count alleges negligence in the preparation of the goods for shipment. Plaintiff's opinion regarding the relationship between the damage and the loading procedures followed may be based on facts, and if so, the answer may indicate some of these facts. The relationship of damage and loading procedures is a vital element of Plaintiff's negligence allegation and it is expected that considerable preparation will have been made on this point. In determining this question, the Court has reasonable discretion. United States v. McCarty, 144 F.2d 341 (10 Cir., 1944).

 Plaintiff's brief raises a further objection, that requiring it to answer Interrogatories Nos. 11 and 23 regarding the causal connection between loading procedures and damage forces it to elect between remedies.[2] Plaintiff's real concern may be that it does not want to make an admission which would preju-

dice either of its theories of action. In RCA Mfg. Co. v. Decca Records, 1 F.R.D. 433 at page 435 (S.D.N.Y.1940), the Court stated:

"The purpose of the Federal Rules of Civil Procedure is to allow both parties to obtain a complete examination of all relevant facts so that the truth of the case may be readily ascertained. The fact that the information sought relates to plaintiff's case rather than defendants is not important in itself."

The opinions that may be expressed in answer to these interrogatories does not prevent Plaintiff from presenting other proof at trial on either of the theories in its complaint nor will they be considered as an election.

 With respect to Plaintiff's objections to Interrogatories Nos. 26, 27 and 28, it appears that they seek information relating to all other shipments of pipe received by Plaintiff or its agent ninety days before and after the receipt of the damaged pipe. It also appears from Plaintiff's Brief in Support of Objections to Interrogatories (page 5) that the information sought is not within its knowledge and would be unduly burdensome to obtain.[3] On consideration of the questions objected to, the Court does

---

2. Plaintiff's brief cites Kuhl v. Hayes, 212 F.2d 37 (10 Cir., 1954) and Campbell v. Barnett, 351 F.2d 342 (10 Cir., 1965) as supporting the rule that a party may not be required to elect among inconsistent claims and defenses. In the Kuhl case, after enunciating the rule cited by plaintiff the Court states at page 40 of 212 F.2d: "Where a party alleges two inconsistent causes of action or remedies in the same complaint and asks for relief in the alternative, there is no election as to either." In the Campbell case, the trial judge's remark that plaintiff should make up his mind what theory he is going on was not considered by the Circuit Court as forcing him to elect in view of the result of the trial. While stating the proper rule, neither of these cases reaches the point here involved, whether an answer

to an interrogatory would bar plaintiff from proceeding at trial on either or both theories.

3. Barron & Holtzoff, Federal Practice and Procedure, Volume 2A, pages 322–326: "* * * interrogatories which require a party to make investigations, research, or compilation of data for his adversary are in many circumstances improper. Thus it has been held that a defendant should give plaintiff relevant facts in his possession but should not be required to enter upon an independent research in order to acquire information merely to answer interrogatories. A party seeking such information should make his own research. * * * But the objection that preparing an answer would require research by the interrogated party is not enough to bar the interrogatories in every case. In order

not feel that preparation of answers to them involves an undue burden on Plaintiff. There is nothing to indicate that the sought-after information could not be obtained from the records of Plaintiff's agent who received the goods, or that information regarding the storing of the pipe is not obtainable from present key employees of its agent. In the three questions objected to, Plaintiff's primary source of information is its agent.

The Court notes that Plaintiff has withdrawn its objection to Interrogatory No. 25 and has made answer thereto, obtaining its information from its agent. Plaintiff's objections to Interrogatories Nos. 11, 23, 26, 27 and 28 are overruled and Plaintiff is directed to answer the same within fifteen (15) days hereof.

to justify the sustaining of an objection to such an interrogatory, it must be shown that the research is unduly burdensome and oppressive."