Wickham, Borgelt, Skogstad & Powell, Edmund W. Powell, Milwaukee, Wis., for defendant.

Kersten & McKinnon by Kenan J. Kersten, Milwaukee, Wis., for plaintiff.

**Milton S. HANDLOS, Plaintiff,**

v.

**LITTON INDUSTRIES, INC., Defendant.**

**No. 68–C–267.**

United States District Court,
E. D. Wisconsin.

Oct. 8, 1970.

OPINION

MYRON L. GORDON, District Judge.

This memorandum will consider the objections which the defendant has raised regarding certain written interrogatories that had been submitted by the plaintiff.

Interrogatories 15 through 17 inquire as to the design of its ammunition hoists after September 18, 1967, which is the date of the alleged injury. I believe such interrogatories are irrelevant. Hammill v. Hyster Co., 42 F.R.D. 173 (E.D.Wis.1967). The plaintiff urges that there is materiality under certain exceptions to the general rule that

post-accident changes are irrelevant, but I find no merit in this argument.

■ Interrogatories 18 and 19 relate to alterations which may have been made by the defendant's shipbuilding division "prior to September 18, 1967". There would be relevance to an inquiry into changes or alterations which were made before the date that the product in question was manufactured. See Shapiro v. Remington Arms Co., Inc., 259 F.2d 760 (7th Cir. 1958). However, the objection to the interrogatories as framed in this case is well taken since these questions ask about changes made before the date of the alleged injury rather than the date of manufacture.

■ In interrogatory 35, the plaintiff asks the defendant to state what it claims "was the cause of the incident of September 18, 1967". I believe that the plaintiff is entitled to an answer to this question. The defendant has not demonstrated that this interrogatory invades the protected area under the work product rule. Pressley v. Boehlke, 33 F.R.D. 316 (W.D.N.C.1963).

The defendant proposes that in the event the court overrules its objection to interrogatory 35, it be relieved of the duty to answer until it has had an opportunity to depose certain witnesses. In my opinion, it would be inappropriate to attach this condition. The court has previously established a cutoff date for discovery as of December 31, 1970; it is also noted that this action has already been pending for over two years.

Defendant's counsel is requested to submit an appropriate order which grants or denies the objections to the interrogatories as outlined in this opinion.